UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:                                                      )
                                                            )
CLINTON COUNTY HOSPITAL, INC.    ) CASE NO.  14-34137(1)(11)
f/d/b/a CLINTON COUNTY WAR        )
MEMORIAL HOSPITAL                    )
                                                            )
                         Debtor             )

## MEMORANDUM-OPINION

This matter is before the Court on the *Nunc Pro Tunc* Application ("the Application") to Employ Frost Brown Todd, LLC ("FBT") as Special Counsel filed by Debtor Clinton County Hospital, Inc. ("Debtor"). The Court considered the Debtor's Application, the Objection of the United States Trustee ("Trustee") to the Application and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY** the Application.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 2014, Debtor filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code.

On or around September 15, 2003, October 14, 2003 and August 22, 2012, Debtor engaged FBT to provide legal services pursuant to multiple Multi-representation Agreements and a Contingency Fee Agreement of similarly selected Kentucky based hospitals insured through Reciprocal of America.

Debtor's counsel, Seiller Waterman, was employed pursuant to 11 U.S.C. §327(a) to assist Debtor in this bankruptcy proceeding but does not have the expertise to represent Debtor as an insured and equitable subscriber to Reciprocal of America.

Through the Application, Debtor seeks Court approval to continue FBT's employment as special counsel to Debtor, and an Order authorizing payment for pre-petition work performed by FBT on Debtor's behalf.

Debtor represents that FBT's employment as special counsel is in the best interest of the Debtor and its estate and that FBT meets all requirements of 11 U.S.C. §327(e) and that its employment be granted retroactive approval, effective as of the date of the filing of the Petition.

## LEGAL ANALYSIS

In order to achieve retroactive approval of employment of a professional, Debtor must demonstrate affirmatively each of the nine factors set forth in *In re Twinton Properties Partnership*, 27 B.R. 817 (Bankr. M.D. Tenn. 1983), by clear and convincing evidence. The Court has the equitable power to grant *nunc pro tunc* approval of the hiring of a professional, but such approval is "an extraordinary exception" to the ordinary accepted practice. *In re Aultman Enterprises*, 264 B.R. 485, 492 (E.D. Tenn. 2001). The Court finds that Debtor's Application to employ FBT meets most of the factors set forth in *In re Twinton Properties*. However, the U.S. Trustee objects to the Application and Debtor has failed to satisfactorily explain to the Court its failure to seek pre-employment approval. This Court retroactively approves *nunc pro tunc* applications when such applications are filed within a reasonable amount of time following the filing of the Petition. Here, the reason for the delay set forth in the Application is that due to the "organizational size" of the Debtor and FBT, it would have been burdensome to cease all representation until the Application was approved by the Court. This is not a sufficient reason. Debtor's failure to satisfactorily explain its failure to file the Application for nearly eight months after the filing of the Petition does not meet the criteria of *In re Twinton Properties*.

Under this Court's prior rulings in *In re WDS, Inc.*, 336 B.R. 301, 303 (Bankr. W.D. Ky. 2006) and *In re Alexander*, 469 B.R. 684, 686 (Bankr. W.D. Ky. 2012), the Court must deny approval of the Debtor's Application herein. To do otherwise undermines the very purpose of 11 U.S.C. §327 which is designed to ensure that a "screening process" is used to ensure the neutrality of the professional hired to represents an estate's interest. This screening process is most effective when performed at the outset of the bankruptcy case. *Id.* The Application filed herein did not meet this test. Accordingly, the Court will enter the attached Order denying the Application.

## CONCLUSION

For all of the above reasons, the *Nunc Pro Tunc* Application to Employ Frost Brown Todd, LLC as Special Counsel filed by Debtor Clinton County Hospital, Inc. is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 3, 2015

3

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CLINTON COUNTY HOSPITAL, INC. | ) CASE NO. 14-34137(1)(11) |
| f/d/b/a CLINTON COUNTY WAR | ) |
| MEMORIAL HOSPITAL | ) |
| | ) |
| Debtor | ) |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated hereby by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the *Nunc Pro Tunc* Application to Employ Frost Brown Todd, LLC as Special Counsel to Debtor Clinton County Hospital, Inc., be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 3, 2015